■ In the Matter of RAYMOND D. O'BRIEN et al., Appellants, v. ASSESSOR OF THE TOWN OF MAMARONECK et al., Respondents. — In two consolidated proceedings under article 7 of the Real Property Tax Law to review the assessments of the Village of Larchmont and of the Town of Mamaroneck for various tax years affecting petitioners' real property in said village and town, peti-

tioners appeal from a judgment of the Supreme Court, Westchester County, entered December 16, 1965, which, among other things, confirmed the assessments upon reargument of the court's original decision determining motions to reject and to confirm a Referee's report and adhering thereto. Judgment reversed on the law and facts, without costs, and judgment awarded to petitioners as follows: (1) the assessments of the Village of Larchmont are reduced from $110,500 for the years 1961, 1962, 1963 and 1964 to $71,820, $74,480, $68,600 and $63,000, respectively, with costs to the date of trial in each of the four certiorari proceedings involving the assessments for the said years, as provided in CPLR 8302, plus a single bill of costs thereafter, and one half of the taxable disbursements, as provided in section 722 of the Real Property Tax Law; (2) the assessments of the Town of Mamaroneck are reduced from $105,500 for the years 1961, 1962 and 1963, to $65,520, $65,170 and $68,600, respectively, with costs to the date of trial in each of the three certiorari proceedings involving the assessments for said years, as provided in CPLR 8302, plus a single bill of costs thereafter and one half of the taxable disbursements, as provided in section 722 of the Real Property Tax Law; (3) the Referee's report, as herein modified, is confirmed; his fee of $1,000 is to be paid one third by petitioners, one third by respondent Village of Larchmont, and one third by respondent Town of Mamaroneck. Findings of fact in the decision below which are inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion: (a) the stipulation entered into between the parties fixed the equalization ratios of the respondent municipalities applicable to the assessments under review; and (b) the assessments for the years in question were excessive. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.